UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MINDY MUN, on behalf of herself and all : 
others similarly situated, :
                 Plaintiff, :
v. :
  :
MIDLAND CREDIT MANAGEMENT, :
INC., :
               Defendant. :
--------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 4206 (VB)

Briccetti, J.:

       Plaintiff Mindy Mun brings this action on behalf of herself and all others similarly

situated against Midland Credit Management, Inc. ("Midland"), alleging violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692e.[1]

       Now pending is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc. #11).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's

favor, as summarized below.

       On December 13, 2017, Midland, a debt collection agency, sent plaintiff a collection

letter offering to resolve her outstanding credit card debt.  (Doc. #5 ("Compl.") Ex. A).  The

letter stated plaintiff's "current balance" was $4,596.31.  The letter informed plaintiff she had

---

[1]     This case was originally commenced in Supreme Court, Westchester County, and later
removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446.

been pre-approved for a discount re-payment program and proposed three different payment options.

The first option offered plaintiff a forty percent discount off the total amount owed, to be paid in a lump sum of $2,757.79. The second option offered plaintiff a twenty percent discount off the total amount owed, to be paid in twelve monthly installments of $306.42 each. The third option offered plaintiff the opportunity to make payments as low as $50 per month, noting that plaintiff could call "to discuss your options and get more details." (Compl. Ex. A).

Plaintiff alleges the third option violated the FDCPA because "[t]o the least sophisticated consumer, this instruction could imply that if she chooses to pay as low as $50/month, then the total of her payments may amount to more than the aforementioned 'Current Balance.'" (Compl. ¶ 20). Plaintiff further alleges that "on the date of [the collection letter], the creditor was not accruing interest, late charges, and/or other charges on the 'Current Balance.'" (Id. ¶21).[2]

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled

---

[2]   Plaintiff's counsel has commenced a number of actions against Midland or related entities, alleging the same or similar arguments that plaintiff advances here. See, e.g., Abreu v. Midland Funding, LLC, 2019 U.S. Dist. LEXIS 173990 (E.D.N.Y. Sept. 30, 2019); Witt v. Midland Funding, LLC, 2019 WL 5781139 (E.D.N.Y. Sept. 13, 2019) (Witt v. Midland Funding, LLC was consolidated with Moore v. Midland Funding LLC No. 18-cv-01470); Hope v. Midland Credit Mgmt., 2019 U.S. Dist. LEXIS 157604 (E.D.N.Y. Aug. 9, 2019).

[3]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.   FDCPA Claim

Defendant argues plaintiff's claim should be dismissed in its entirety because the phrase "current balance" under the facts alleged in the complaint is not false, deceptive, or otherwise misleading in violation of 15 U.S.C. § 1692e.

The Court agrees.

A.    Legal Standard

The FDCPA is intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The Second Circuit has "consistently interpreted the [FDCPA] with these congressional objects in mind."  Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." Specifically, subsections (2)(A) and (10) prohibit, respectively, "[t]he false representation of . . . the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (10).

Whether a collection notice violates Section 1692e is assessed under a "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "In other words, [the Court will] ask how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—would understand the collection notice." Avila v. Riexinger & Assocs., LLC, 817 F.3d at 75. This least sophisticated consumer is nevertheless "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).

Under the least sophisticated consumer standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." Avila v. Riexinger & Assocs., LLC, 817 F.3d at 75. "It should be emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d at 1319. To that end, "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Id.

Recently, the Second Circuit held that if "a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing," "the notice will [not] be misleading within the meaning of Section 1692e." Taylor v. Fin. Recovery

Servs., Inc., 886 F.3d 212, 215 (2d. Cir. 2018). "Since Taylor, district courts have followed this reasoning to hold that use of the word 'current' to describe a balance does not violate the FDCPA when interest is not accruing because a consumer would correctly understand that paying the amount in the letter would satisfy the debt." Witt v. Midland Funding, LLC, 2019 WL 5781139, at *2.

The Circuit has also recently held that the least sophisticated consumer standard includes a "materiality requirement." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 85 (2d Cir. 2018). A statement "must be materially false or misleading to be actionable under the FDCPA." Id. (collecting cases). To be sure, the materiality requirement is a "corollary to the well-established proposition that if a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." Id. Courts have found false statements to be actionable under the FDCPA "if [they have] the potential to affect the decision-making process of the least sophisticated consumer." Id.

"Given the purely legal nature of this analysis, where as here, an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." Hope v. Midland Credit Mgmt., 2019 U.S. Dist. LEXIS 157604, at *4.

B.    Application

Plaintiff argues that the phrase "current balance" is misleading and in violation of the FDCPA because the hypothetical least sophisticated consumer could read the phrase and mistakenly believe that the debt is accruing interest and fees, and therefore that payments made pursuant to the third option could potentially exceed the "current balance."

The Court is not persuaded.

First, plaintiff specifically alleges her debt was not accruing interest or other charges. (Compl. ¶ 21). Indeed, the first sentence of plaintiff's memorandum in opposition is, "It is undisputed that the debt was static." (Doc. #17 at 1). Because plaintiff did "not allege that any interest or fees were accruing on the debt; on the contrary, [she] alleges that <u>no</u> interest or other fees were accruing," there is no FDCPA violation. <u>Hope v. Midland Credit Mgmt.</u>, 2019 U.S. Dist. LEXIS 157604, at *5. Thus, the Court finds that the letter's reference to plaintiff's "current balance"—when it is undisputed that her debt is static—is not deceptive, misleading, or otherwise in violation of the FDCPA. <u>See</u> <u>id</u>. at *8.

As in <u>Taylor</u>, here the "only harm . . . a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." <u>Taylor v. Fin. Recovery Servs., Inc.</u>, 886 F.3d at 214. But "[s]uch harm is immaterial for FDCPA purposes." <u>Hope v. Midland Credit Mgmt.</u>, 2019 U.S. Dist. LEXIS 157604, at *5.

Plaintiff nevertheless argues her claim should proceed based on a footnote in <u>Taylor</u>, in which the Circuit said that a debt collector complies with the FDCPA by stating the "balance due" rather than "the current balance." <u>Taylor v. Fin. Recovery Servs., Inc.</u>, 886 F.3d at 215 n.1. Plaintiff reads <u>Taylor</u> to suggest that a collection letter stating a current balance without specifying whether interest is accruing could give rise to liability.

The Court rejects this argument for the same reason courts have rejected identical claims involving the same collection letter.[4] As other district courts have also concluded, "this is a lawyer's case," meaning the complaint "alleges a defect of which only a sophisticated lawyer,

---

[4]    <u>See</u> <u>Abreu v. Midland Funding, LLC</u>, 2019 U.S. Dist. LEXIS 173990; <u>Witt v. Midland Funding, LLC</u>, 2019 WL 5781139; <u>Hope v. Midland Credit Mgmt.</u>, 2019 U.S. Dist. LEXIS 157604.

not the least sophisticated consumer, would conceive." <u>Donaeva v. Client Services, Inc.</u>, 2019 WL 3067108, at *4 (E.D.N.Y. July 12, 2019).

Accordingly, plaintiff's FDCPA claims must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #11) and close this case.

Dated: December 10, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge